ARTURO FLORES V. THE STATE.

No. 10042.    Delivered April 7, 1926.

Rehearing denied May 26, 1926.

1.—Attempt to Commit Burglary—Argument of Counsel—Not Reversible Error.

Where, on a trial for an attempt at burglary, appellant having filed his application for a suspended sentence, it was not proper argument for the prosecuting attorney to tell the jury to turn appellant loose rather than inflict a suspended sentence and let the business men of the town believe that they cannot rely upon juries for protection, but must protect themselves, but was not of so harmful a character as would call for a reversal of the case.

2.—Same—Requested Charge—Issue Not Raised—Properly Refused.

Where appellant requested a special charge to the effect that if he made a statement to the officer when accosted at the building which accounted for his presence and which was reasonable and probably true, and there was no testimony to that effect, such requested charge was properly refused.

3.—Same—Defensive Issue—Omission Not Excepted to—No Error.

Where appellant himself testified that he was at the building when discovered by the officer for the purpose of answering a call of nature, and not to engage in an attempt to burglarize the store, this issue should have been submitted affirmatively in the court's charge, but in the absence of an exception to the failure to submit, nor any requested charge covering the issue, no reviewable error is presented. See Branch's Ann. P. C., Sec. 246, also McWhorter v. State, 11 Tex. Crim. App. 585.

ON REHEARING.

4.—Same—Requested Charge—Properly Refused.

Appellant's requested charge on the issue of his mere presence, and

explanation of such presence at the building, was properly refused. No issue as to the possession of recently stolen property was in the case. We have never extended the proposition embraced in said charge beyond its application to cases of theft or burglary wherein the state sought conviction relying on the circumstance of possession of recently stolen property. The presence of appellant at or near the house alleged to be the subject of his attempt to commit burglary was not alone relied upon. The motion for rehearing is overruled.

Appeal from the District Court of Val Verde County. Tried below before the Hon. Joseph Jones, Judge.

Appeal from a conviction for an attempt to commit burglary, penalty two years in the penitentiary.

The opinion states the case.

*Grady Lowry* of Del Rio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is an attempt to commit burglary, punishment fixed at confinement in the penitentiary for a period of two years.

According to the testimony of Tom Turk, a watchman, he observed the appellant about 11:30 o'clock at night in the rear of the store of Max Stool. With the aid of a flashlight, Turk observed the appellant on his knees, boring a hole in the door. When the light fell upon him, appellant fled. Turk pursued the appellant and finally took him in charge. After the arrest, appellant was conducted to the door mentioned and there, according to Turk, was found a sack upon which appellant had been kneeling. Three holes were bored in the door, each hole connecting the other. In the door there was a bit attached to a brace, this brace and bit being the instrument used in boring the holes. There was testimony showing the location of the holes in the door, which testimony tended to support the State's theory that by boring holes, the panel could have been removed. The non-consent of the owner was proved.

According to the appellant's testimony, after attending a dance and while seeking a place where he could get a cheap bed upon which to spend the night, he went to the place near which he was arrested for the purpose of answering a call of nature. As he approached, he saw two Mexicans leave, and shortly thereafter the watchman appeared. Appellant, in his testimony, explained the reason for his presence as above and

said that he had not been at the door where the brace and bit were found, but only went to an outhouse nearby. He disclaimed any ownership or knowledge of the brace and bit, or any effort to burglarize the house.

Appellant introduced testimony to the effect that he bore a good reputation as a law-abiding citizen.

In the record we find a bill of exceptions complaining of the argument of the District Attorney. In qualifying the bill the court suggested that the remarks were responsive to those of the appellant's counsel, and sets out the remarks as follows:

"Mr. Lowrey has requested this jury to give this defendant, if he is convicted, a suspended sentence, for the reason that Tom Turk's testimony against this defendant is unreasonable; now, gentlemen of the jury, I am going to say to you that if you are not going to believe the testimony of Tom Turk, who is an officer of the law and employed by the business men of this city, and you do believe the unreasonable story told by this defendant on the witness stand, then I am going to say that I would rather you would—I want you to bring in a verdict of not guilty rather than a verdict with a suspended sentence; because if this jury brings in a verdict of guilty with suspended sentence, the business men of this town, you, Mr. Clayton, and other business men of this town, cannot rely upon juries for protection, but must protect themselves."

The state's witness testified that he was employed to watch the store at night and that it was his duty to turn a key in a clock every hour as he made his rounds; that he had been to the door in question about an hour before he returned and observed the appellant there in the act of boring holes in the door. The fact that appellant was at the door was controverted by his testimony. The conflict between them was for the solution of the jury. The issues relating to the suspension of the sentence were before the jury and proper subject of debate. The argument, while not commended, viewed in the light of the testimony and the court's explanation thereof, we think was not so beyond the scope of legitimate debate as would authorize a reversal of the judgment.

Appellant requested a charge from which we quote:

" * * * and when his presence was first questioned he made an explanation of how he came to be at said place, and you believe that such explanation is reasonable and probably true and accounted for defendant's presence in a manner

consistent with his innocence, then you will consider such explanation as true and acquit the defendant."

The state's witness declared on cross-examination that appellant did not say that he was answering a call of nature but said that he was "looking for some paper to make a bed to sleep on." Nor did the appellant testify that he made at the time of his arrest any declaration explanatory of his presence. In his testimony given on the trial he explained it with the statement that he was urinating, and for that reason he did not respond when the state's witness first called him. The officer's testimony was direct to the point that when he threw a flashlight upon the appellant, he was kneeling at the door and was boring in it; also that there was a sack on the ground near the door upon which appellant was kneeling; that appellant fled and only submitted to arrest when the officer called to his supposed companion to aid in apprehending him. With the facts before him, we think the trial court was not in error in refusing to give the special charge mentioned.

It would have been appropriate to instruct the jury in substance that if the appellant was at the place where he was found for the purpose of answering a call of nature and was not engaged in an attempt to burglarize the store, he should be acquitted. Branch's Ann. Tex. P. C., Sec. 2465; McWhorter v. State, 11 Texas Crim. App. 585. There was no request, however, for any charge of that nature; nor exception to the charge for any omission. The charge given embracing as it does, the law of circumstantial evidence, carrying with it the burden incident to that character of testimony, is believed sufficient to protect the appellant's rights.

Finding no error authorizing a reversal, the judgment is affirmed.

*Overruled.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In urging that we erred in holding the refusal of a special charge not erroneous, appellant loses sight of the fact that we have never extended the proposition embraced in said charge beyond its application to cases of theft or burglary wherein the state sought conviction relying on the circumstance of possession of recently stolen property. The special charge referred to is quoted in our original opinion. No issue as to the possession of recently stolen property was in this case. The state did not introduce such proof. The presence of the appellant at or near the house alleged to be

the subject of his effort to commit burglary, was not alone relied on. We stated in our former opinion that according to the state's testimony appellant had a sack on the ground in front of the door on which he was kneeling while boring holes into the door of the building. He fled when the flashlight of the officer fell on him. · These facts go beyond the question of mere presence. We think our former opinion correct.

The motion for rehearing will be overruled.

*Overruled.*