N. A. BAILEY v. THE STATE.

No. 12667. Delivered June 19, 1929.

The opinion states the case.

*C. E. Florence* of Gilmer, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense, burglary; penalty, five years in the penitentiary.

It conclusively appears both from the evidence of the State, as well as the appellant that the home of prosecuting witness was entered in the nighttime and a suit of clothes belonging to prosecuting witness was unlawfully taken therefrom by appellant. Appellant admitted as much but claims that he had purchased a suitcase from prosecuting witness and went to his home on the night in question to get same, and finding the door open, entered and failing to find the suitcase and observing the suit of clothes, took it; that the intent to steal was not formed until after he entered the building.

His defense to the burglary charge was twofold: (1) That the door of the house was open, and (2) that he entered the house for a legitimate purpose without any intent to commit the crime of theft and such intent was formed after he entered and his offense was therefore not burglary but theft. The evidence raised both issues. The Court charged upon the first of these but failed to charge defensively upon the second, and his failure being properly excepted to, is assigned as error. The indictment charged that the entry was with the intent to commit the crime of theft.

It was said by Judge Hurt in the case of Harris v. State, 20 Tex. Crim. App. 655:

"The evidence is very unsatisfactory as to whether the appellant entered the house with intent to commit the theft, or whether he entered lawfully and conceived the intention to steal the shoes after entering the house. Now, to constitute burglary in this case, the party must enter the house with intent to commit theft. This intent must accompany—prompt—the entering. We are treating of this case, not all cases of burglary. But, in all cases of burglary, the intent to commit the felony must accompany the entry.

"This being the law, and the evidence bearing on this point being so vague, the counsel for defendant requested a charge 'that if the jury believe from the evidence that the defendant formed the intent to steal the shoes for the first time after entering the house or room of said Brandon and Wilson (if you believe he so entered and stole said shoes), then you will find the defendant not guilty.' This charge, we think, was demanded by the circumstances of this case."

A similar charge was, we think, demanded by the facts of this case. For other authorities see Harris v. State, 103 S. W. 390; Branch's Crim. Law, Secs. 160 and 164; Flores v. State, 283 S. W. 839; Wilson v. State, 18 Tex. Crim. App. 270.

Complaint is made of the reception in evidence of an alleged statement of appellant while under arrest but the bill is insufficient to show whether or not this was not a part of the same conversation brought out by appellant. If this conversation was disconnected from the matter asked about by appellant, it was plainly inadmissible, but we are not called upon to decide the point in the condition of the bill.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.